JOHN TOMASIN, PLAINTIFF, v. JAMES F. QUINN, HUDSON COUNTY CLERK AND ALL BALLOT CANDIDATES FOR PRIMARY ELECTION ON JUNE 7, 1977 AND THEIR CAMPAIGN WORKERS AND SUPPORTERS, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided May 19, 1977.

*Mr. Harold J. Ruvoldt, Jr.,* Hudson County Counsel, for petitioner James F. Quinn, Hudson County Clerk.

*Mr. Benjamin H. Chodash,* for the candidates designated as Column B on the ballot in Hudson County (*Messrs. Kreiger & Chodash,* attorneys).

*Mr. Robert S. Raymar* for Citizens for Byrne (*Messrs. Hellring, Lindeman, Landau & Siegal,* attorneys).

*Mr. John J. Kot,* for Democrats for Byrne (*Messrs. Waters, McPherson & Hudzin,* attorneys).

*Mr. John L. McGoldrick,* for Citizens for Hoffman (*Messrs. McCarter & English,* attorneys).

*Mr. John Tomasin, pro se.*

KENTZ, J. S. C. This matter arises by way of a verified petition of the County Clerk of Hudson County. Petitioner seeks the court's approval of the anticipated action of the county clerk to transfer from column C to column B on the primary ballot for the election on June 7, 1977 the names of Frank Rogers, a candidate for the State Senate, and Michael Adubato and John Cali, candidates for the State Assembly (hereinafter collectively the candidates), as requested in writing by these candidates.

A complaint and order to show cause was also filed by John Tomasin, campaign manager for column C, whereby an order is sought prohibiting this transfer of the candidates and for an order substituting Dominick J. Pugliese on the primary ballot for the office of Sheriff of Hudson County in place of Frederick W. Stevens, who has withdrawn his candidacy.

By consent of all the parties these two proceedings were consolidated and heard together.

The county clerk represents that since Paul T. Jordan has withdrawn his candidacy for the office of Governor of New Jersey and since he headed column C, the candidates no longer wish to remain in that column and have requested in writing that their names be transferred to column B which is headed by Ralph C. DeRose as candidate for the office of Governor. Admittedly, Jordan has publicly declared his support for Brendan T. Byrne, a candidate for Governor who is listed under column A. It is further represented that the candidates are not supporting candidate Byrne and are supporting candidate DeRose. In fact, some of these candidates appear on the DeRose line in another county. It is argued that if the transfer were allowed by the court, certain confusion that might very well exist in the minds of the voters would be eliminated and that they would not be misled, as they might be if the candidates remain in column

C. Candidate DeRose has consented in writing to this transfer.

Petitioner argues that as county clerk he is charged with the responsibility of preparing the official ballots. *N. J. S. A.* 19:14–1. With respect to the requested transfer of the candidates, the county clerk asserts that there is no statutory expression as to whether he has the power to permit this transfer and therefore he has the discretionary authority to grant this request. See *Hawks v. Gates,* 129 *N. J. L.* 5, 11 (Sup. Ct. 1942).

Furthermore, the county clerk points out that by reason of such transfer there will be no discrimination or prejudice to the other candidates, and argues that a transfer by him at this time would not be clearly unreasonable. *Richardson v. Caputo,* 46 *N. J.* 3, 9 (1965).

On the other hand, the opposition maintains that there is clear and unambiguous statutory authority on this subject by which the county clerk's actions are governed. Furthermore, the opposition argues that the proposed transfer is not only a transfer from one column to another or only a removal or withdrawal therefrom, but is also the filling of a vacancy.

I conclude that there is merit to the arguments of the opposition and that the county clerk under the circumstances of this case does not have the discretionary authority to grant the requested transfer.

Admittedly, the county clerks have a large measure of discretion in arranging the primary election ballot. However, where there is clear statutory direction of a specific procedure to be followed, the county clerk is governed thereby and has no discretionary authority. See *In re Hoffman,* 134 *N. J. L.* 155 (Sup. Ct. 1946) ; *Bado v. Gilfert,* 13 *N. J. Super.* 363 (App. Div. 1951) ; *Harrison v. Jones,* 44 *N. J. Super.* 456 (App. Div. 1957).

It appears that *N. J. S. A.* 19:23–12 is clearly applicable here. It provides in pertinent part as follows:

This [vacancy] committee shall have power in case of death or resignation or *otherwise* of the person indorsed as a candidate in said petition to fill such vacancy by filing . . . a certificate of nomination to fill the vacancy.

\*        \*        \*        \*        \*        \*        \*        \*.

The certificate so made shall be executed and sworn to by the members of such committee, and shall upon being *filed at least thirty-four days before election* have the same force and effect as the original petition of nomination for the primary election for the general election \* \* \* [Emphasis supplied]

The county clerk here not only wishes to remove the candidates from a ballot slot but to transfer said candidates to another column and slot. Some of the slots now sought to be filled were originally occupied by candidates who have now withdrawn their candidacies. The remainder of the slots have never been filled. Therefore, as to the slots in column B which are sought to be filled at this time, there is a vacancy either by "resignation" or "otherwise." In either case, *N. J. S. A.* 19:23–12 provides the means to fill the vacancy and its requirements must be satisfied.

It is apparent that the anticipated action by the County Clerk does not meet the requirements set out in *N. J. S. A.* 19:23–12 since the proposed transfer of the candidates has not been approved by any committee on vacancies and since the 34-day time period for filling of vacancies has lapsed. See, *In re Keogh-Dwyer*, 106 *N. J. Super.* 567 (Law Div. 1969); *Berry v. Gates*, 129 *N. J. L.* 1 (Sup. Ct. 1942).

The opposition's arguments against transfer are buttressed by *N. J. S. A.* 19:23–17 which provides that any designation of policy or faction on the primary ballot which includes a person's name is ineffective if the written consent of the person whose name is used is not filed with the petition of nomination of the candidate or groups of candidates requesting same. *MacManus v. Allan*, 2 *N. J. Super.* 557 (Law Div. 1949). In the present case the written consent of candidate DeRose at this time to the transfer of the three candidates to his column and thus to the use of his name in the designation is ineffective because it was

given subsequent to the filing of petitions of nomination by the three candidates.

Accordingly, considering these statutes *in pari materia,* it is evident that there is a clear statutory declaration on how and when candidates can be transferred from one column to another. Therefore, the county clerk has no discretion under the present circumstances to permit the requested transfer.

Similarly, *N. J. S. A.* 19:23–12 bars the substitution of Dominick J. Pugliese on the ballot in place of Frederick W. Stevens for the office of Sheriff of Hudson County. It is conceded that candidate Stevens withdrew his candidacy for this office within the past few days. The Committee on Vacancies has put forth Mr. Pugliese as a candidate for this office and seeks to have his name placed on the ballot. This is clearly in violation of *N. J. S. A.* 19:23–12 since the 34-day time period has lapsed. Accordingly, the application to substitute the name of Dominick J. Pugliese for Frederick W. Stevens for the office of Sheriff of Hudson County on the primary ballot for the forthcoming election is denied.